
# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MAMIE L. ADAMS,            )
                           )
      Plaintiff,   )
                           )
v.                         )   CIVIL ACTION NO.: CV207-106
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social Security, )
                           )
      Defendant.   )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Lee Ellis Davis ("ALJ" or "ALJ Davis"), denying her claim for Disability Insurance Benefits and Supplemental Security Income ("SSI") disability payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively applied for Disability Insurance and SSI benefits on January 28, 2004, alleging she became disabled on November 12, 1998, due to borderline intellectual functioning, heart problems, nerve problems, diabetes, no vision in her left

eye, high blood pressure, back problems, and arthritis. (Tr. at 14). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On November 14, 2006, ALJ Davis held a hearing at which Plaintiff appeared and testified. Don K. Harrison, a vocational expert, also testified at this hearing. ALJ Davis found that Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). (Tr. at 20). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 4-7).

Plaintiff, born on December 5, 1951, was fifty-six (56) years old when ALJ Davis issued his decision. She has a limited education. (Tr. at 448). Her past relevant work experience includes employment as a nurse assistant, a poultry grader, and a commercial cleaner. (Tr. at 482).

## **ALJ'S FINDINGS**

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's

impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F. 3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to adjust to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F. 3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of November 12, 1998, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 14). At step two, the ALJ determined that Plaintiff had diabetes mellitus and borderline intellectual functioning. These conditions are considered "severe" under the Regulations. (Id.). However, the ALJ also determined, at step three, that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 18). The ALJ found that Plaintiff had the residual functional capacity to perform work at the medium exertional work level but is to avoid concentrated exposure to hazards such as machinery and heights. (Tr. at

19). At the fourth step, ALJ Davis concluded that Plaintiff could perform her past relevant work as a poultry grader. (Tr. at 20).

## ISSUES PRESENTED

The issues presented in this review are whether: 1) the ALJ's decision that Plaintiff could return to her past relevant work is supported by substantial evidence; 2) the ALJ erred in failing to reference the testimony of a vocational expert in his decision after finding that Plaintiff has severe mental impairments; and 3) the Appeals Council erred in not remanding the matter to the ALJ for the receipt and discussion of additional medical evidence.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F. 2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F. 3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F. 2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard

requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F. 3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F. 2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **ALJ Davis' Decision That Plaintiff Could Return to her Past Relevant Work is Supported by Substantial Evidence.**

Plaintiff contends that the ALJ's finding that she can return to her past relevant work is not supported by substantial evidence. Plaintiff asserts that she performed the job of poultry grader at a heavy exertional level. Plaintiff further asserts that the vocational expert's testimony indicated that Plaintiff could not return to her past relevant work as a poultry grader as she performed it. (Doc. No. 14, pp. 4-5).

Defendant contends that Plaintiff did not meet her burden of showing that she is incapable of returning to her past relevant work. Defendant further contends that the poultry grader position is normally performed at the light exertional level in the national economy. (Doc. No. 15, pp. 10-11). Defendant asserts that it is not legally significant whether Plaintiff performed the poultry grader position at the heavy, rather than light, exertional level. (Id. at 10).

Under the Act, a plaintiff bears the burden of proving that she cannot perform her past relevant work. Barnes v. Sullivan, 932 F. 2d 1356, 1359 (11th Cir. 1991). If a plaintiff can still perform the kind of work she has done in the past, she will be found "not disabled" within the meaning of the Act. 20 C.F.R. § 404.1520(f) (2004); Jackson v. Bowen, 801 F. 2d 1291, 1293 (11th Cir. 1986). However, a plaintiff need only retain the

ability to perform her past kind of work (i.e. occupation), not the specific job she held in the past. Id. (citing Deloatche v. Heckler, 715 F. 2d 148, 151 (4th Cir. 1983)). If a plaintiff cannot perform her past relevant work, the burden shifts to the ALJ to prove that other work exists in the national economy which the plaintiff can perform. Jackson, 801 F. 2d at 1293.

ALJ Davis found Plaintiff has the residual functional capacity to perform medium exertional work activity that can be done despite moderate limitations in dealing with the public and in maintaining attention and concentration. (Tr. at 19-20). In reaching his finding, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms, but that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. (Id.). For example, Dr. Douglas S. Payne noted in a psychological examination that Plaintiff was promoting symptoms. (Tr. at 298). In a second psychological evaluation completed by Dr. Payne, Plaintiff walked slowly into the interview as if she had trouble walking, yet was seen after the interview walking out of the building with no difficulty. (Tr. at 298). The ALJ noted that Plaintiff came to a consultative examination wearing a sling, but there was no supporting medical evidence warranting the necessity for it. (Tr. at 20). The ALJ observed at the hearing that, while Plaintiff testified that she could not sit long, she had been sitting at the hearing for approximately forty minutes. (Tr. at 474).

ALJ Davis noted that following an examination by Dr. Laith Kasir, Plaintiff was found to have nocturia, polyuria, numbness in feet and hands, depression, sleep disturbance, constipation alternating with diarrhea, headache, on/off swelling of the feet

and hands, and itching of hands from allergies. (Tr. at 14-15). Dr. Kasir's impression was that Plaintiff had poorly controlled non-insulin dependant diabetes mellitus and well-controlled high blood pressure. (Tr. at 15). The ALJ observed that the Irwin County Hospital diagnosed Plaintiff with abdominal pain, probable leiomyoma of the uterus, diabetes, arthritis, and anemia. (Tr. at 15). The ALJ noted that the Meadows Regional Medical Center discharged Plaintiff with a diagnosis of severe hyperglycemic, uncontrolled diabetes mellitus type 2, abdominal pain, and chest pain. (Tr. at 15).

ALJ Davis noted that Dr. Payne performed two psychological examinations of Plaintiff at the request of the State Agency. Dr. Payne observed that Plaintiff was fluent with well formulated responses. The ALJ remarked that Dr. Payne observed that while Plaintiff's gait was not normal, her balance was within normal limits. ALJ Davis observed that Plaintiff was found by Dr. Payne to be depressed and irritable. Dr. Payne noted that there was no evidence of perceptual abnormalities or loose associations, but Plaintiff's affect was not within normal limits. The ALJ remarked that Dr. Payne noted that Plaintiff's thought was concrete and not impoverished. Dr. Payne opined that Plaintiff was evasive but not malingering. ALJ Davis noted Dr. Payne's observation that Plaintiff did not have pain behavior. ALJ Davis further noted that Dr. Payne's examination revealed that although Plaintiff's immediate, intermediate, and remote memory was impaired, she was oriented to person, date, place, and circumstance. The ALJ observed that Dr. Payne diagnosed Plaintiff with a major depressive disorder; ruled out borderline intellectual functioning; ruled out malingering; and ruled out occupational difficulties. Dr. Payne's prognosis for Plaintiff was fair. The ALJ noted that while Plaintiff's examination revealed she is able to understand and carry out simple

instructions, she would be unable to understand and carry out complex instructions. Dr. Payne observed that Plaintiff would become more depressed under stressful conditions. ALJ Davis noted that Dr. Payne opined that Plaintiff's ability to get along with the public, supervisors, and co-workers was intact. Dr. Payne's second psychological examination provided the impression that Plaintiff's ability to follow work routines and complete production expectations was intact from a mental health standpoint. (Tr. at 15-17).

ALJ Davis observed that Dr. Orlando Fernando conducted a consultative examination at the request of the State Agency. The ALJ noted that Dr. Fernando made an assessment of right arm pain probably secondary to carpal tunnel syndrome, diabetes mellitus type 2, hypertension, peptic ulcer disease per history, osteoarthritis, anxiety disorder, hypercholesterolemia and coronary artery disease per history. The ALJ specifically noted that Dr. Fernando concluded that Plaintiff could use her left and right hands for reaching, pulling pushing, and gripping and that she could perform activities of daily living. Dr. Fernando observed that Plaintiff has a reduced range of motion of the right arm due to pain, but she can feed herself, take care of personal hygiene, sort and file papers, and tie her shoes. (Tr. at 16).

The ALJ observed that Plaintiff visited the Munsayac Medical Clinic multiple times. Plaintiff was diagnosed with poorly controlled diabetes mellitus type 2, hypertension, obesity, and rhinitis. (Tr. at 16). The ALJ also observed that Plaintiff received treatment at Jeff Davis Hospital for almost six years. ALJ Davis noted that Plaintiff was diagnosed during this period with folliculitis, uncontrolled diabetes mellitus, arthritis of the right arm, diabetic peripheral neuropathy, hypertension, congestive heart

failure, and left otis media; a pelvic ultrasound revealed an enlarged uterus with suggestion of multiple fibroids. (Tr. at 16-17).

Dr. Krishnan Chalam conducted a consultative examination at the request of the State Agency. The ALJ observed that Dr. Chalam's physical examination revealed that Plaintiff was alert, oriented, cooperative, and mentally competent with a depressed affect. ALJ Davis further observed that an extremity examination revealed no edema, cyanosis, or clubbing; and peripheral pulses were well-felt bilaterally. Right shoulder range of motion was restricted and painful, although a right shoulder x-ray was negative. The ALJ noted that Dr. Chalam observed that Plaintiff had a slow but normal gait and that Plaintiff's grip strength was normal. The ALJ further noted that Dr. Chalam's diagnosis was hypertension, type 2 diabetes mellitus, generalized joint pain suggestive of degenerative joint disease, and that Plaintiff appeared to be mentally competent. (Tr. at 17-18).

Two State Agency psychological consultants indicated that Plaintiff would be capable of work with some limitations. (Tr. at 315, 381). A vocational analysis determined that Plaintiff could perform her past relevant work as it is performed in the national economy. (Tr. at 188). Dr. Don Harrison, a vocational expert, testified at the hearing that a hypothetical person with Plaintiff's conditions would be able to return to work as a poultry grader. (Tr. at 483). Dr. Harrison further testified that the Dictionary of Occupational Titles ("DOT") identifies the poultry grader position as being performed at the light exertional level. (Tr. at 482)(citing DOT Code 529.687-102).

The record contains substantial evidence supporting the ALJ's conclusion that Plaintiff could return to work as a poultry grader. The ALJ noted that great weight was

given to the opinion of the State Agency psychological consultants and the examining consultative psychologist, as they are well supported and are not inconsistent with other substantial evidence. Plaintiff's contentions that she could not return to work as a poultry grader at a heavy exertional level are unavailing, as there is substantial evidence supporting the ALJ's determination that the poultry grader position does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity.

II. **ALJ Davis Did Not Err in Failing to Reference the Testimony of a Vocational Expert.**

Plaintiff asserts that ALJ Davis erred by failing to utilize the testimony of vocational expert Dr. Harrison after finding Plaintiff suffered from severe mental impairments. (Doc. No. 14, pp. 5-7). Plaintiff contends that in cases where nonexertional impairments exist, the ALJ must "also introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that Plaintiff can perform." (Doc. No. 14, p. 6)(citing Wilson v. Barnhart, 284 F. 3d 1219, 1227 (11th Cir. 2002). Defendant contends that because the ALJ determined Plaintiff was not disabled at step four of the evaluation process, introduction of vocational expert testimony is not required. (Doc. No. 15, p. 11).

A determination of "not disabled" at any step of the sequential evaluation precludes the need to proceed to any remaining steps. 20 C.F.R. §§ 404.1520(a)(4). The use of a vocational expert at step four is helpful, but not required. Lucas v. Sullivan, 918 F. 2d 1567, 1573 n.2 (11th Cir. 1990).

In the case sub judice, ALJ Davis made a determination at step four that Plaintiff was capable of performing her past relevant work. (Tr. at 19-20). This determination is

supported by substantial evidence, as discussed in the preceding section. Thus, the ALJ was not required to obtain independent evidence of the existence of jobs in the national economy that Plaintiff could perform. Even if the ALJ relied on the vocational expert's testimony, it would not support Plaintiff's enumeration of error because Dr. Harrison testified that there were jobs in the region and national economy that Plaintiff could perform. (Tr. at 483-484). Accordingly, Plaintiff's contentions are without merit.

### III. The Appeals Council did not Err in Failing to Remand for Receipt and Discussion of Additional Medical Evidence.

Plaintiff contends that under 42 U.S.C. § 405(g), a district court is authorized to remand a case for the consideration of newly discovered evidence. (Doc. No. 14, p. 7)(citing Falge v. Apfel, 150 F. 3d 1320, 1322 (11th Cir. 1998). Plaintiff asserts that the Appeals Council provided no reasoning for declining to review her claim. (Doc. No. 14, p. 8). Plaintiff further asserts that the new medical records bear out the testimony called into question by the ALJ, and her case should be remanded for further development. Id. Defendant contends that the evidence does not support a remand. (Doc. No. 15, p. 12).

42 U.S.C. § 405(g) permits a district court to remand a claim to the Commissioner by two methods. These methods are commonly referred to as "sentence four remands" and "sentence six remands". Ingram v. Astrue, 496 F. 3d 1253, 1261 (11th Cir. 2007). A sentence six remand is proper when further review of evidence not presented to the Commissioner at any stage of the administrative process is required. Id. at 1267. A sentence six remand "does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council." Id. at 1269. For a sentence four remand to be proper, the court "must either find that the decision is not supported by substantial evidence, or that the Commissioner (or the ALJ)

incorrectly applied the law relevant to the disability claim." Jackson v. Chater, 99 F. 3d 1086, 1091-92 (11th Cir. 1996). Evidence presented to, and considered by, the Appeals Council can only be the basis for a sentence four remand. Ingram, 496 F. 3d at 1269.

Plaintiff's alleged newly discovered evidence consists of records from Jefferson Davis Hospital regarding a tooth abscess on May 21, 2005 (Tr. at 425-429), an episode of acute sinusitis and vomiting on March 27, 2005 (Tr. at 430-438), and complaints of back pain on March 22, 2004. (Tr. at 439-443). This evidence was submitted to the Appeals Council and was considered in its decision to deny review of Plaintiff's claim. (Tr. at 43-46). As it is uncontested that the Appeals Council previously considered the evidence in question, a sentence six remand is not proper.

The substantial evidence supporting the ALJ's finding that Plaintiff was not disabled is not called into question by single episodes of tooth abscess, acute sinusitis, and vomiting. While Plaintiff may have been suffering from back pain on March 22, 2004, she demonstrated full range of motion in her back when examined by Dr. Chalam on February 17, 2005. (Tr. at 292). Accordingly, a sentence four remand is not proper because there was substantial evidence supporting the ALJ's decision that Plaintiff was not disabled, and there is no evidence of the misapplication of the law relevant to Plaintiff's disability claim.[1]

---

[1] Additionally, these incidents do not indicate Plaintiff was suffering from a disability. Disability is defined by 42 U.S.C. § 416(i)(1) as a medically determinable physical or mental impairment which can be expected to result in death or last for a continuous period of not less than twelve months. The evidence in question involves single, isolated events that can not be construed as being expected to result in death or last for a continuous period of twelve months.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 20th day of August, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

13